IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL COURTOIS,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____ / | No. C 06-2251 CW (PR)<br><br>ORDER OF DISMISSAL |
| PAUL CRAIG COURTOIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants.<br>_____/ | No. C 06-4848 CW (PR)<br><br>ORDER OF DISMISSAL |

Plaintiff Paul Craig Courtois is a prisoner of the State of California who is incarcerated at Corcoran State Prison. He has filed two pro se petitions for a writ of mandamus. He has also filed applications for in forma pauperis status.

BACKGROUND

Plaintiff contends that a writ of mandamus is the proper vehicle by which to challenge the failure by the state parole board to release him from custody.[1] He claims that he is being held beyond what he believes is his maximum release date.

---

[1] Plaintiff has also filed in this Court a petition for a writ of habeas corpus challenging the execution of his sentence. See Courtois v. Lockyer, Case No. C 06-2221 CW (PR). Because Plaintiff is confined at a penitentiary in Kings County, which lies within the venue of the Eastern District of California, his habeas action has been transferred to the Eastern District. See Mar. 15, 2007 Order of Transfer in Case No. C 06-2221 CW (PR).

DISCUSSION

I.   LEGAL STANDARD

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). However, pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

II.  WRIT OF MANDAMUS

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

However, this Court has no authority to take the actions requested by Plaintiff by way of a writ of mandamus. Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.), cert. denied, 111 S. Ct. 1082 (1991); see also In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order

2

state trial court to give plaintiff access to certain trial transcripts which he sought in preparation for filing state post-conviction petition; federal court may not, as a general rule, issue mandamus to a state judicial officer to control or interfere with state court litigation). Plaintiff's mandamus remedy, if any, lies in state court.

## CONCLUSION

Accordingly, both actions are DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff's applications for in forma pauperis status are DENIED, and no filing fee is due in either case. All pending motions in both cases are TERMINATED. The Court certifies that any appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The Clerk of the Court shall issue judgments and close both files.

IT IS SO ORDERED.

DATED: 4/20/07

CLAUDIA WILKEN
United States District Judge

3